# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES W. MITUZAS,**
**Claimant Below, Petitioner**

**FILED**

June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)　No. 15-0759**　(BOR Appeal No. 2050159)
　　　　　　　　　　(Claim No. 2013021737)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Charles W. Mituzas, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Aimee Stern and Denise Pentino, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 6, 2015, in which the Board affirmed a December 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 10, 2014, decision denying a request to add spinal stenosis of the lumbar region with neurogenic claudication, lumbar radiculopathy, and lumbago as compensable diagnoses.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mituzas injured his lower back and left knee on February 14, 2013, when he slipped while exiting a piece of heavy machinery. Several hours after the injury, he sought treatment in Wheeling Hospital's emergency department where he was diagnosed with a lumbar strain and

---

[1] Mr. Mituzas has not appealed the denial of the request to add lumbago as a compensable diagnosis.

1

internal derangement of the left knee. Lumbar spine x-rays were performed which revealed degenerative changes with no acute abnormalities. On February 25, 2013, Mr. Mituzas's application for workers' compensation benefits was held compensable for a lumbar sprain and a torn meniscus in the left knee.[2]

On May 23, 2013, a lumbar spine MRI was performed and the results were compared to pre-injury studies. It was noted that spondylosis exists at multiple levels with a mild progression at L5-S1. On June 7, 2013, Mr. Mituzas sought treatment with neurosurgeon E. Richard Prostko, M.D., who diagnosed him with L5 radiculopathy and neurogenic claudication syndrome. Another lumbar spine MRI was performed on June 20, 2013, and revealed the presence of extensive degenerative changes. On July 17, 2013, Dr. Prostko performed a laminectomy at L2-S1 with multiple foraminotomies. A follow-up lumbar spine MRI was performed on December 31, 2013, and revealed unchanged left neural foraminal stenosis, spondylosis, and extensive degenerative joint disease throughout the lumbar spine.

On May 23, 2014, Dr. Prostko requested that spinal stenosis of the lumbar region with neurogenic claudication, lumbar radiculopathy, and lumbago be added as compensable components of Mr. Mituzas's claim.[3] Daniel Loesch, M.D., performed an independent medical evaluation in the form of a records review on September 12, 2014. Dr. Loesch noted that Mr. Mituzas has a significant history of lower back problems dating to August of 2003, when he was diagnosed with severe disc space narrowing at L5-S1. Additionally, Dr. Loesch noted that Mr. Mituzas was diagnosed with stenosis at L4-5 and L5-S1 in 2008, and was also diagnosed with degenerative changes in 2011. Importantly, he noted that Mr. Mituzas was treated for lower back pain with radiation into the right leg four months prior to the February 14, 2013, injury. Further, Dr. Loesch opined that the February 14, 2013, injury is not the cause of Mr. Mituzas's spinal stenosis. He went on to state that spinal stenosis is a chronic condition and once again noted that Mr. Mituzas was diagnosed with spinal stenosis in 2008. Dr. Loesch further opined that Mr. Mituzas developed neurogenic claudication and radiculopathy in the right leg as a result of degenerative changes dating to August of 2003. Finally, he opined that the surgery performed by Dr. Prostko is unrelated to the February 14, 2013, injury and was aimed solely at treating chronic degenerative changes which predated the February 14, 2013, injury.

On June 10, 2014, the claims administrator denied Dr. Prostko's request to add spinal stenosis of the lumbar region with neurogenic claudication, lumbar radiculopathy, and lumbago as compensable diagnoses. The Office of Judges affirmed the June 10, 2014, claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges in its decision dated July 6, 2015. On appeal, Mr. Mituzas asserts that the evidence of record demonstrates that spinal stenosis of the lumbar region with neurogenic claudication and lumbar radiculopathy should be added as compensable components of his claim.

---

[2] The meniscus tear was arthroscopically repaired on March 22, 2013.

[3] Mr. Mituzas concedes that as a symptom rather than a diagnosis, lumbago should not be added as a compensable diagnosis. Therefore, he has not appealed the denial of Dr. Prostko's request to add lumbago as a compensable component of the claim.

The Office of Judges found that Mr. Mituzas has an extensive history of serious lumbar spine issues dating to 2003, including degenerative disc disease and spondylosis, as evidenced by numerous diagnostic imaging studies. Further, the Office of Judges relied upon the conclusions expressed by Dr. Loesch. In particular, the Office of Judges noted that Dr. Loesch opined that the diagnoses of neurogenic claudication and lumbar radiculopathy arise from long-standing degenerative changes documented as early as August of 2003 via diagnostic imaging. Finally, the Office of Judges noted that Mr. Mituzas was treated for lower back pain and radiculopathy in the right lower extremity four months before the February 14, 2013, injury, and found that his complaints were virtually identical both before and after the February 14, 2013, injury. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3